IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM WHITE            :

   v.                    :   Civil Action No. DKC 13-0624

THE HOME DEPOT, U.S.A., INC.,
et al.                   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination action is a motion to dismiss filed by Defendant, The Home Depot, U.S.A., Inc. (ECF No. 8).[1] The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted.[2]

---

[1] Defendant was incorrectly named in the complaint as "The Home Depot." The docket will be corrected to reflect its proper name.

[2] The complaint also names two individual defendants, Jason Alexander and Marthe Theus, but does not contain any substantive allegations against them. In response to the motion to dismiss, Plaintiff concedes that his only potentially viable claim is one for disability discrimination under the Americans with Disabilities Act ("ADA"), and "individuals who do not independently meet the ADA's definition of 'employer' cannot be held liable under the ADA." *Stephens v. Kay Management Co., Inc.*, 907 F.Supp. 169, 174 (E.D.Va. 1995). Accordingly, the individual defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(ii), and their motion to quash service (ECF No. 11) will be denied as moot.

## I. Background

Plaintiff, proceeding *pro se*, commenced this action on February 27, 2013, by filing a complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq*. ("ADA"); the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff-1(a) *et seq*. ("GINA"); and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"). (ECF No. 1). Concomitantly with the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* (ECF No. 2), which was subsequently granted (ECF No. 3).

The complaint, which is inartfully drafted, recites that, during the course of Plaintiff's employment with The Home Depot, he suffered injuries in "three accidents on the job." (ECF No. 1, at 2). Following one of those accidents, his doctor informed his employer "to remove [him] from the job [he] was in before another accident happened," but "the request went unanswered [and] an[other] accident happen[ed]." (*Id*.). On December 12, 2012, Plaintiff's employment was terminated "because it was said that [he] was rude to a customer." (*Id*.). He asserts that he is still "receiving treatment from [] injuries that were [exacerbated] by the three accident[s]." (*Id*.).

Defendant responded, on April 12, by filing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the court lacked jurisdiction over any claims under Title VII, GINA, and the ADEA due to Plaintiff's failure to exhaust administrative remedies and that Plaintiff had failed to state a claim for relief under the ADA. (ECF No. 8). In opposition papers filed May 1, Plaintiff "concede[d] that [he had] not exhausted [his] administrative remedies with regard to [his] Title VII, ADEA, and GINA claims," and that those claims "should be dismissed." (ECF No. 10, at 2). He opposed dismissal of his ADA claim, however, providing significantly more detail of the factual basis for such a claim in the process. On May 22, Defendant filed reply papers urging the court to "confine its consideration to the four corners" of the pleading and to "dismiss the [c]omplaint for failure to state a claim upon which relief can be granted." (ECF No. 12, at 2).

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to

4

relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

**III. Analysis**

The ADA makes it unlawful for certain employers to discriminate against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  It also requires employers to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the [employer's] business[.]" § 12112(b)(5)(A).

While it is difficult to discern the contours of Plaintiff's ADA claim from the complaint, he clarifies in his opposition papers that he intends to allege wrongful discharge and failure to accommodate.  To state a claim for wrongful discharge under the ADA, in the absence of any direct evidence, the complaint must set forth facts sufficient to show that "(1)

5

[Plaintiff] is within the ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n. 11 (4th Cir. 2001) (quoting *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001) (internal quotation marks omitted)). To state a claim for failure to accommodate, Plaintiff must allege facts supporting: "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations." *Rhoads*, 257 F.3d at 387 n. 11 (quoting *Mitchell v. Washingtonville Cent. School Dist.*, 190 F.3d 1, 6 (2d Cir. 1999) (internal quotation marks omitted)).

Plaintiff's complaint fails to set forth sufficient facts in support of many of these elements. Initially, the complaint does not reflect that Plaintiff suffers from a disability, much less that such disability is one recognized under the ADA. The ADA defines "disability" as including "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an

impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). As the United States Court of Appeals for the Fourth Circuit explained in *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 467-68 (4th Cir. 2002):

> In order to demonstrate that an impairment is substantially limiting, an individual must show that she is significantly restricted in a major life activity. *See, e.g., Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 199 (4th Cir. 1997); 29 C.F.R. § 1630.2(j)(1). And in determining whether an impairment is substantially limiting, courts may consider the "nature and severity of the impairment," the "duration or expected duration of the impairment," and the "permanent or long term impact" of the impairment. 29 C.F.R. § 1630.2(j)(2). These factors indicate that a temporary impairment, such as recuperation from surgery, will generally not qualify as a disability under the ADA. *See, e.g.*, 29 C.F.R. § 1630.2(j), app. at 353. An impairment simply cannot be a substantial limitation on a major life activity if it is expected to improve in a relatively short period of time.

(Internal footnote omitted). While the facts asserted in Plaintiff's opposition papers are closer to the mark, they do not support that the injuries Plaintiff suffered in job-related accidents were long-term, rather than temporary, impairments. Moreover, the operative facts must be alleged in the complaint.

Neither the complaint nor the opposition papers address the third element of a wrongful termination claim – *i.e.*, that Plaintiff was meeting his employer's reasonable expectations in

7

terms of job performance at the time he was discharged – and the opposition papers merely allege in conclusory fashion that he was "falsely accused, disciplined, and terminated on the basis of [his] disability" (ECF No. 10, at 2), rather than providing factual detail in support of that conclusion. The third and fourth elements of a failure to accommodate claim are likely set forth with sufficient detail in the opposition papers. There, Plaintiff asserts that, when he returned to work after sustaining injuries in an accident on August 12, 2008, his "doctor requested that [he] be put on light duty, limited heavy lifting, bending, repetitive movement, and stooping"; that he "was qualified to perform the job with the reasonable accommodations prescribed by [his] doctor"; and that Home Depot "failed to provide accommodations that [he] needed to perform the job." (*Id*. at 1-2). Again, however, these allegations must be set forth in a pleading. Because they are not, the complaint is subject to dismissal.

While Plaintiff has not specifically sought leave to amend in the event that the motion to dismiss were to be granted, in light of his *pro se* status, the court will consider whether such relief is appropriate. Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts are to grant leave to amend a pleading "freely . . . when justice so requires." Leave should be denied, however, where "the amendment would be prejudicial to

the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal marks omitted)).

Here, there is no indication that prejudice would inure to Defendant if Plaintiff were permitted to file an amended complaint. Moreover, as Defendant implicitly concedes, if Plaintiff were to include (and expand upon) the factual detail asserted in his opposition papers in an amended complaint, he may be able to state a viable claim of wrongful termination and/or failure to accommodate under the ADA. Accordingly, Plaintiff will be permitted to file an amended complaint within thirty days. He will not, however, be permitted to assert new claims or allege facts outside the scope of the claims he attempted to raise initially.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss will be granted without prejudice to Plaintiff's right to file an amended complaint within thirty days. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge